# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 17-50347
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

January 11, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FERNANDO LOPEZ-RIVERA,

Defendant-Appellant

———————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:15-CR-1320-1

———————————

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Fernando Lopez-Rivera appeals the 85-month within-guidelines sentence imposed following his guilty plea conviction for illegally reentering the United States in violation of 8 U.S.C. § 1326. He asserts that his sentence was substantively unreasonable because it was greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a) for the following reasons: (i) a prior felony drug trafficking offense was double-counted because

———

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

it was used to impose a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A) (2015) and to increase his criminal history category from V to VI; (ii) the Guidelines overstated the seriousness of his illegal reentry offense, which did not pose a danger to others; (iii) he came to this country as a young child, and he only returned to see his family; and (iv) he will be deterred from further illegal reentry now that he understands the harsh penalties attendant to the offense.

We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Because the district court imposed a within-guidelines sentence, it is presumptively reasonable. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). The presumption of reasonableness "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Although Lopez-Rivera challenges the presumption of reasonableness as applied to sentences under § 2L1.2 on the ground that the Guideline is not empirically based, he concedes that the issue is foreclosed. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). We have rejected Lopez-Rivera's argument that § 2L1.2's double-counting of a defendant's criminal history necessarily renders a sentence unreasonable. *See United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009). In addition, we are not persuaded by the argument that illegal reentry is not a serious offense and does not pose a danger to others. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Moreover, the fact that Lopez-Rivera returned to the United States to see his family, after having lived here since he was a

young child, is an insufficient ground to rebut the presumption of reasonableness applicable to his sentence. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565 (5th Cir. 2008). Finally, Lopez-Rivera's contention that the harsh penalties associated with his offense will deter him from returning to the United States serves to support the district court's sentence. *See* § 3553(a)(2)(B).

Lopez-Rivera has not shown that the district court abused its discretion, and he has not overcome the presumption of reasonableness. *See Gall*, 552 U.S. at 51; *Campos-Maldonado*, 531 F.3d at 338. Accordingly, the judgment of the district court is AFFIRMED.